WICKER, J.,
concurs with reasons.
hi agree with the majority’s outcome. I write separately however to state that the trial court erred when it allowed the jury to hear two witnesses, Joshua Moss and Samuel Baker, assert the Fifth Amendment rights and refuse to testify.
As correctly stated by the majority, it is improper conduct for either the prosecution or the defense knowingly to call a *1252 witness who will claim a privilege for the purpose of impressing upon the jury the fact of the claim of privilege. State v. Berry, 324 So.2d 822, 830 (La.1975), cert. denied, 425 U.S. 954, 96 S.Ct. 1731, 48 L.Ed.2d 198 (1976). Claims of privilege are preferably determined outside the presence of the jury, since undue weight may be given by a jury to the claim of privilege and due to the impossibility of cross-examination as to its assertion. State v. Gerard, 96-366 (La.App. 5 Cir. 11/14/96), 685 So.2d 253, 258.
In this case, the prosecution made reference to the fact that these witnesses would testify in its opening statement. Further, two seasoned prosecutors put these witnesses on the stand knowing that these witnesses would refuse to answer substantive questions. The trial court allowed this despite the fact that immediately before Joshua Moss was questioned in front of the jury, in response to the prosecution’s questions about facts seminal to the case, he informed the court that he would not testify. After Joshua Moss |Jeft the stand, the court also allowed Samuel Baker to be questioned in front of the jury and to refuse to testify.[17]
The trial court correctly found that these witnesses did not have a valid Fifth Amendment right to assert because the witnesses had been given use plus derivative use immunity for their testimony that day. The trial court erred however by allowing these witnesses to assert these rights and refuse to testify in front of the jury. The basis for not allowing a witness to assert a Fifth Amendment right and refuse to testify in front of a jury is to protect the rights of the defendant. This is true regardless of whether a witness has a valid Fifth Amendment right to assert. The proper procedure for the trial court would have been to question these witnesses outside of the presence of the jury and to hold these witnesses in contempt if they did not answer the questions as ordered.
While the trial court should not have allowed these two witnesses to be questioned in front of the jury, these witnesses did not add critical weight to the prosecution’s case. I find this error is harmless and not prejudicial to defendant in light of the overwhelming weight of the evidence supporting defendant’s guilt. Therefore, I concur with the majority’s result.

. The first question the state asked Samuel Baker as a witness in this case was, "how old are you?” In response Samuel Baker stated "I plead the Fifth” and then refused to answer any other questions.